IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCIS W. DAVIS,

        Plaintiff,                 No. CIV S-11-0859 GGH P

    vs.

M. MARTEL, et al.,

        Defendants.         <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will be assessed an initial filing fee of $4.22. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

        In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

1   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
2   1843 (1969).

3   Plaintiff's complaint raises many different claims that are unrelated to one
4   another.  Plaintiff alleges that many of his inmate appeals have been improperly denied, by an
5   unknown appeal coordinator.  Plaintiff states that his property has been confiscated and not
6   returned, he was improperly fired from his prison job and his classification status was unjustly
7   changed following an improper rules violation report, his cell was illegally searched, and staff
8   retaliated against him for the filing of appeals.

9   Plaintiff's complaint will be dismissed and he will be granted leave to file an
10  amended complaint within 28 days of service of this order.  In an amended complaint plaintiff
11  should not raise many unrelated claims, rather focus on a few specific claims and describe the
12  actions of the individual defendants.

13  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original
14  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
15  alternate claims, as many claims, legal, equitable, or maritime as the party has against an
16  opposing party."  "Thus multiple claims against a single party are fine, but Claim A against
17  Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v.
18  Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong
19  in different suits[.]" Id.

20  The Civil Rights Act under which this action was filed provides as follows:

21  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
22  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
23  law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

3

1  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  To the extent plaintiff may wish to challenge certain RVR hearings, he is
6  informed that in Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a
7  civil rights action under § 1983 for damages. Claiming that state and county officials violated his
8  constitutional rights, he sought damages for improprieties in the investigation leading to his
9  arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful
10  voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a
11  fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United
12  States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

19  Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983
20  concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has
21  been invalidated, expunged or reversed. Id.

22  The Supreme Court has extended the Heck bar to § 1983 suits that would negate
23  prison disciplinary proceedings that affect good-time credits. Edwards v. Balisok, 520 U.S. 641,
24  648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in
25  his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at
26  646. So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings ) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Furthermore, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).[1]

\\\\

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-1264, 63 L.Ed.2d 552 (transfer to mental hospital), and Washington, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037, 108 L.Ed.2d 178 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

Moreover, to the extent plaintiff seeks to assert a denial of due process in being removed from his job:

> It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert. denied, 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989). See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (no constitutional right to continuation in work release program to implicate property interest under Fourteenth Amendment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied sub nom., Altizer v. Young, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); Bryan v. Werner, 516 F.2d 233, 240 (3rd Cir. 1975) (inmates expectation of keeping job is not a property interest entitled to due process protection).

Hunter v. Heath, 95 F.Supp.2d 1140 (D.Or. 2000), judgment reversed on unrelated ground in an unpublished decision.

To the extent that any of the above actions taken by defendants were retaliatory, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802 (9th Cir. 1995). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir.1990).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Doc. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will be assessed an initial filing fee of $4.22. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in this action being dismissed.

DATED: May 24, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
davi0859.b