1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANCIS W. DAVIS,

11            Plaintiff,              No. CIV S-11-0859 GGH P
          vs.
12
     M. MARTEL, et al.,
13
             Defendants.             ORDER
14   _____/

15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

16   relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff

17   has filed a first amended complaint.

18          The court is required to screen complaints brought by prisoners seeking relief

19   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

21   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

22   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

23   U.S.C. § 1915A(b)(1),(2).

24          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's complaint raises many different claims.  Plaintiff states that he was improperly removed from his prison job, his privilege status was improperly changed which violated due process, he was punished twice for the same rules violation report, his personal property was unjustly confiscated and defendants are improperly denying his inmate grievances. For the reasons that follow this complaint will be dismissed with leave to amend.

////

1    To the extent plaintiff seeks to assert a denial of due process in being removed

2    from his job:

3    It is uniformly well established throughout the federal circuit courts that a
     prisoner's expectation of keeping a specific prison job, or any job, does not
4    implicate a property or liberty interest under the Fourteenth Amendment.  James
     v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert. denied, 493 U.S. 870, 110 S.Ct.
5    197, 107 L.Ed.2d 151 (1989).  See also Coakley v. Murphy, 884 F.2d 1218, 1221
     (9th Cir. 1989) (no constitutional right to continuation in work release program to
6    implicate property interest under Fourteenth Amendment); Flittie v. Solem, 827
     F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned
7    a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986)
     (Constitution does not create a property interest in prison employment); Adams v.
8    James, 784 F.2d 1077, 1079 (11th Cir. 1986) (assignment to job as law clerk does
     not invest inmate with a property interest in continuation as such); Gibson v.
9    McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (prisoner's expectation of keeping
     prison job does not amount to a property interest entitled to due process
10   protection); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied sub
     nom., Altizer v. Young, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978);
11   Bryan v. Werner, 516 F.2d 233, 240 (3rd Cir. 1975) (inmates expectation of
     keeping job is not a property interest entitled to due process protection).

12

13   Hunter v. Heath, 95 F.Supp.2d 1140 (D.Or. 2000), judgment reversed on unrelated ground in an

14   unpublished decision.  Plaintiff's allegations as presented fail to state a cognizable claim.

15       With respect to plaintiff's allegation that his classification status was improperly

16   changed, plaintiff is informed that he has no constitutional right to a certain classification status.

17   Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting Moody v. Daggett, 429

18   U.S. 78, 88 n. 9, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976)).  Regardless, plaintiff fails to

19   describe how the change in status effected him, other than the confiscation of some property

20   which will be discussed below.

21       To the extent plaintiff challenges certain RVR hearings, he is informed that in

22   Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action

23   under § 1983 for damages.  Claiming that state and county officials violated his constitutional

24   rights, he sought damages for improprieties in the investigation leading to his arrest, for the

25   destruction of evidence, and for conduct during his trial ("illegal and unlawful voice

26   identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen

1  year term, plaintiff did not seek injunctive relief or release from custody.  The United States

2  Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

3          in order to recover damages for allegedly unconstitutional
           conviction or imprisonment, or for other harm caused by actions
4          whose unlawfulness would render a conviction or sentence invalid,
           a § 1983 plaintiff must prove that the conviction or sentence has
5          been reversed on direct appeal, expunged by executive order,
           declared invalid by a state tribunal authorized to make such
6          determination, or called into question by a federal court's issuance
           of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
7          bearing that relationship to a conviction or sentence that has not
           been so invalidated is not cognizable under 1983.

8

9  Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983

10 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

11 been invalidated, expunged or reversed.  Id.

12         The Supreme Court has extended the Heck bar to § 1983 suits that would negate

13 prison disciplinary proceedings that affect good-time credits.  Edwards v. Balisok, 520 U.S. 641,

14 648 (1997).  A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in

15 his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Id. at

16 646.  So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief

17 sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

18 leading to conviction or internal prison proceedings ) – if success in that action would necessarily

19 demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74,

20 81-82 (2005).

21         If the disciplinary hearings did not result in the loss of good times credits,[1]

22 plaintiff must allege that he suffered an atypical and significant hardship as a result of the rules

23 violation reports.  Plaintiff has failed to present any such allegations.

24         "The requirements of procedural due process apply only to the deprivation of

25 _____

26        [1] It appears that plaintiff was assessed a credit loss of either 30 or 120 days, though it is
   not clear.

                                                    4

1    interests encompassed by the Fourteenth Amendment's protection of liberty and property."

2    Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  State statutes and prison

3    regulations may grant prisoners liberty interests sufficient to invoke due process protections.

4    Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976).  However, the Supreme Court

5    has significantly limited the instances in which due process can be invoked.  Pursuant to Sandin

6    v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under

7    the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

8    that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison

9    life."  Id. at 484.

10          In this case, plaintiff has failed to establish a liberty interest protected by the

11   Constitution because he has not alleged, as he must under Sandin, facts related to the conditions

12   or consequences of his disciplinary hearings which show "the type of atypical, significant

13   deprivation [that] might conceivably create a liberty interest."  Id. at 486.  For example, in

14   Sandin, the Supreme Court considered three factors in determining whether the plaintiff

15   possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

16   discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement

17   and whether they amounted to a "major disruption in his environment" when compared to those

18   shared by prisoners in the general population; and (3) the possibility of whether the prisoner's

19   sentence was lengthened by his restricted custody.  Id. at 486-87.

20          To establish a due process violation, plaintiff must first show the deprivation

21   imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison

22   life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court

23   could find there were atypical and significant hardships imposed upon him as a result of

24   defendants' actions.  It seems that plaintiff's TV, cd player, headphones, beard trimmer and

25   batteries were confiscated as a result.  Plaintiff must allege "a dramatic departure from the basic

26   conditions" of his confinement that would give rise to a liberty interest before he can claim a

1   violation of due process.  Id. at 485.  Plaintiff has not; therefore the court finds that plaintiff has

2   failed to allege a liberty interest, and thus, has failed to state a due process claim.  To the extent

3   plaintiff alleges his property was taken in violation of due process, it appears that plaintiff

4   received due process protections with respect to the RVR hearings and change in classification

5   status that ultimately resulted in the property being confiscated as punishment.  Plaintiff is not

6   entitled to a second hearing once the punishment is being carried out.

7          Finally, plaintiff alleges that prison officials have been improperly denying his

8   inmate appeals.  However, prisoners do not have a "separate constitutional entitlement to a

9   specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),

10  citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the nonexistence of, or the

11  failure of prison officials to properly implement, an administrative appeals process within the

12  prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See also,

13  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.

14  1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure

15  is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it

16  does not give rise to a protected liberty interest requiring the procedural protections envisioned

17  by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a

18  constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected

19  by the Due Process Clause of the federal constitution only if those regulations pertain to

20  "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

21  to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293,

22  2300, 132 L.Ed.2d 418 (1995).[2]

23

24          [2] "[W]e recognize that States may under certain circumstances create liberty interests
which are protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S.
25  369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).  But these interests will be generally limited to
freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
26  to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,

1    For all these reasons plaintiff's amended complaint is dismissed.  Plaintiff will be

2  granted one final opportunity to amend, within twenty-eight days of service of this order.  No

3  further amendments will be allowed.  Failure to file a second amended complaint will result in

4  this action being dismissed.

5    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9  there is some affirmative link or connection between a defendant's actions and the claimed

10  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

12  vague and conclusory allegations of official participation in civil rights violations are not

13  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading.  This is

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's first

23  amended complaint is dismissed for the reasons discussed above, with leave to file a second

24  _____

25  445 U.S. 480, 493, 100 S.Ct. 1254, 1263-1264, 63 L.Ed.2d 552 (transfer to mental hospital), and
Washington, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037, 108 L.Ed.2d 178 (involuntary

26  administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on
the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, supra.

1   amended complaint within twenty-eight days from the date of service of this Order.  No further

2   amendments will be allowed.  Failure to file a second amended complaint will result in this

3   action being dismissed.

4   DATED: September 12, 2011

5                      /s/ Gregory G. Hollows

                      UNITED STATES MAGISTRATE JUDGE

6   GGH: AB

  davi0859.b2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26