1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FRANCIS W. DAVIS,

11              Plaintiff,                    No. CIV S-11-0859 GGH P
            vs.
12
      M. MARTEL, et al.,
13
                Defendants.                   ORDER
14    _____/

15              Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

16    relief pursuant to 42 U.S.C. § 1983.  Plaintiff's amended complaint was dismissed and plaintiff

17    has filed a second amended complaint.  This action is before the undersigned pursuant to

18    plaintiff's consent.  Doc. 4.

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24    U.S.C. § 1915A(b)(1),(2).

25              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  Id.

17          In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21  1843 (1969).

22          Plaintiff's second amended complaint consists of forty pages and another 110

23  pages of exhibits and again raises numerous unrelated claims, against approximately twenty

24  defendants, at multiple prisons.  It is still not entirely clear what injury or deprivation plaintiff has

25  suffered.  Plaintiff states his property was either lost or improperly taken and many, many inmate

26  appeals regarding the property were improperly denied.  Though, it is not clear what the property

2

was.  Plaintiff also states that improper rule violation reports were used against him and generally

his due process and equal protection rights were violated by most defendants, but he does not

specify how he suffered as a result.  Plaintiff's custody status seems to have changed, but

plaintiff does not describe how this affected him, other than he was entitled to less property.

Plaintiff was placed in the same housing unit as a known enemy of his, but defendants refused to

protect plaintiff or move him, though he was never assaulted by the enemy.  Various defendants

threatened plaintiff and retaliated against him, though it is not clear what actually occurred other

than defendants allegedly yelling at plaintiff.

   The court has previously set forth the shortcomings of plaintiff's original

complaint and first amended complaint and yet plaintiff has in no way improved his allegations

in the second amended complaint.  Plaintiff continues to violate Rule 8 of the Federal Rules of

Civil Procedure which requires only "sufficient allegations to put defendants fairly on notice of

the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the

factual elements of a cause of action are present, but are scattered throughout the complaint and

are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy

Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a

complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough

detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a)

and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v.

North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of

dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly

without merit," McHenry 84 F.3d at 1179.

   Once again, moreover, in asserting multiple unrelated claims against different

defendants, plaintiff presents the kind of "mishmash of a complaint" that has been roundly

repudiated.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against

different defendants belong in different suits").  Fed. R. Civ. P. 18(a) provides: "A party asserting

3

1    a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative

2    claims, as many claims as it has against an opposing party."  "Thus multiple claims against a

3    single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

4    B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims

5    against different defendants belong in different suits[.]" Id.

6              "The requirements of procedural due process apply only to the deprivation of

7    interests encompassed by the Fourteenth Amendment's protection of liberty and property."

8    Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  State statutes and prison

9    regulations may grant prisoners liberty interests sufficient to invoke due process protections.

10   Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976).  However, the Supreme Court

11   has significantly limited the instances in which due process can be invoked.  Pursuant to Sandin

12   v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under

13   the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

14   that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison

15   life." Id. at 484.

16             In this case, plaintiff has failed to establish a liberty interest protected by the

17   Constitution because he has not alleged, as he must under Sandin, facts related to the conditions

18   or consequences of his disciplinary hearings which show "the type of atypical, significant

19   deprivation [that] might conceivably create a liberty interest."  Id. at 486.  For example, in

20   Sandin, the Supreme Court considered three factors in determining whether the plaintiff

21   possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

22   discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement

23   and whether they amounted to a "major disruption in his environment" when compared to those

24   shared by prisoners in the general population; and (3) the possibility of whether the prisoner's

25   sentence was lengthened by his restricted custody.  Id. at 486-87.

26   \\\\

1          To establish a due process violation, plaintiff must first show the deprivation

2    imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison

3    life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court

4    could find there were atypical and significant hardships imposed upon him as a result of

5    defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his

6    confinement that would give rise to a liberty interest before he can claim a violation of due

7    process.  Id. at 485.  Plaintiff has not; therefore, the court finds that plaintiff has failed to allege a

8    liberty interest, and thus, has failed to state a due process claim.  To the extent plaintiff alleges

9    his property was taken in violation of due process, it appears that plaintiff received due process

10   protections with respect to the RVR hearings and change in classification status that ultimately

11   resulted in the property being confiscated as punishment.

12          To the extent any property was taken without authorization, the United States

13   Supreme Court has held that "an unauthorized intentional deprivation of property by a state

14   employee does not constitute a violation of the procedural requirements of the Due Process

15   Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

16   available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); Taylor v. Knapp, 871

17   F.2d 803, 805 (9th Cir. 1989) ("[i]n Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981),[1] the

18   Court held that where a deprivation of property resulted from the unpredictable negligent acts of

19   state agents, the availability of an adequate state postdeprivation remedy satisfied the requirement

20   of due process.")   Thus, where the state provides a meaningful postdeprivation remedy, only

21   authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

22   An authorized deprivation is one carried out pursuant to established state procedures, regulations,

23   or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City

24   of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a

25

26          [1] Overruled on another ground by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 664 (1986).

1   remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

2   　　　　Plaintiff also alleges that prison officials have been improperly denying his inmate

3   appeals.  However, prisoners do not have a "separate constitutional entitlement to a specific

4   prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann

5   v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the nonexistence of, or the failure of prison

6   officials to properly implement, an administrative appeals process within the prison system does

7   not raise constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See also, Buckley v.

8   Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v.

9   DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

10  right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

11  to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

12  amendment").  Specifically, a failure to process a grievance does not state a constitutional

13  violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due

14  Process Clause of the federal constitution only if those regulations pertain to "freedom from

15  restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

16  incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132

17  L.Ed.2d 418 (1995).[2]

18  　　　　With respect to plaintiff's allegation that his classification status was improperly

19  changed, plaintiff is informed that he has no constitutional right to a certain classification status.

20  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (quoting Moody v. Daggett, 429

21  _____

22  　　　[2]  "[W]e recognize that States may under certain circumstances create liberty interests
    which are protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S.
23  369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).  But these interests will be generally limited to
    freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24  to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
    445 U.S. 480, 493, 100 S.Ct. 1254, 1263-1264, 63 L.Ed.2d 552 (transfer to mental hospital), and
25  Washington, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037, 108 L.Ed.2d 178 (involuntary
    administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on
26  the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, supra.

1 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976)).  Regardless, plaintiff fails to

2 describe how the change in status effected him.

3        "Under Ninth Circuit case law, district courts are only required to grant leave to

4 amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

5 complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

6 Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

7 Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

8 amend even if no request to amend the pleading was made, unless it determines that the pleading

9 could not be cured by the allegation of other facts.").  "[A] district court retains its discretion

10 over the terms of a dismissal for failure to state a claim, including whether to make the dismissal

11 with or without leave to amend."  Lopez v. Smith, 203 F.3d at 1124.  "The district court's

12 discretion to deny leave to amend is particularly broad where plaintiff has previously amended

13 the complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir.

14 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).  This is the third

15 complaint that the court has reviewed and it is clear that further amendment would be futile for

16 the reasons discussed above.  Therefore, the court will dismiss this action with prejudice for

17 plaintiff's failure to state a claim upon which relief may be granted.

18        In accordance with the above, IT IS HEREBY ORDERED that the second

19 amended complaint is dismissed with prejudice for failure to state a claim upon which relief may

20 be granted.

21 DATED: December 12, 2011

22                    /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

23

GGH: AB
24 davi0859.b3

25

26

7