1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANCIS W. DAVIS,

11              Plaintiff,              No. CIV S-11-0859 GGH P
         vs.
12

13   M. MARTEL, et al.,

14              Defendants.              ORDER

15   _____/

16              Plaintiff, a state prisoner proceeding pro se and in forma paupers, seeks relief

17   pursuant to 42 U.S.C. § 1983.  This case is before the undersigned pursuant to plaintiff's consent.

18   Doc. 4.  On December 13, 2011, the court dismissed plaintiff's second amended civil rights

19   complaint and closed this case.  Plaintiff filed an appeal with the Ninth Circuit and on January 9,

20   2012, the Ninth Circuit referred the matter back to this court for the limited purpose of

21   determining whether plaintiff's in forma pauperis status should continue for the appeal or

22   whether the appeal is frivolous or taken in bad faith.  The court revoked plaintiff's in forma

23   pauperis status on January 18, 2012.  Doc. 24.

24              On February 14, 2012, plaintiff filed objections to the revocation of his in forma

25   pauperis status, that the court construes as a motion for reconsideration.

26   \\\\\

1     <u>Standards For Motions To Reconsider</u>

2          Although motions to reconsider are directed to the sound discretion of the court,

3     <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

4     considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)

5     requires that a party seeking reconsideration of a district court's order must brief the "new or

6     different facts or circumstances [which] were not shown upon such prior motion, or what other

7     grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

8     provides that the decisions on legal issues made in a case "should be followed unless there is

9     substantially different evidence . . . new controlling authority, or the prior decision was clearly

10    erroneous and would result in injustice."  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d

11    391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert.</u>

12    <u>denied</u>, 475 U.S. 1064 (1986).

13         Courts construing Federal Rule of Civil Procedure 59(e), providing for the

14    alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle

15    permitting the unsuccessful party to "rehash" arguments previously presented, or to present

16    "contentions which might have been raised prior to the challenged judgment."  <u>Costello v. United</u>

17    <u>States</u>, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260,

18    1268 (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa.

19    1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and

20    promoting judicial efficiency."  <u>Costello</u>, 765 F.Supp. at 1009.

21         Plaintiff has failed to present any new facts or law why his case should not have

22    been dismissed as frivolous or why his in forma pauperis status should not have been revoked.

23    \\\\\

24    \\\\\

25    \\\\\

26    \\\\\

1        Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's

2 order of January 18, 2012 is affirmed.

3 DATED: March 5, 2012

4                           /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

5

GGH: AB

6 davi0859.850

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26